IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| PAUL R. DOWNEY, et al., | ) ) | |
| Defendants. | ) | Civil Action No. 1:14-CV-185-C |

**ORDER**

On this day the Court considered:

(1)     the Response to the Complaint, filed January 23, 2015, by Defendant Jeff

Downey;[1]

(2)     Plaintiff's Request for Clerk to Enter Default Against Defendant Paul R. Downey,

filed March 25, 2015, along with the Clerk's Entry of Default, entered March 27,

2015;

(3)     Defendants['] Motion to Dismiss, Award Legal Fees, Damages and Return of

Assets, filed March 27, 2015, by Paul Downey and Jeffrey P. Downey;

(4)     Plaintiff's Motion for Final Judgment by Default Against Defendant Paul

Downey, filed April 13, 2015;

---

[1]Although Jeff Downey, appearing pro se, attempted to also respond or answer on behalf
of Paul R. Downey, the Court informed the parties by Order dated March 24, 2015, that Jeff
Downey may not appear on behalf of Paul Downey because only licensed lawyers may represent
others in court.

(5)   Plaintiff's Request for Clerk to Enter Default Against Defendant John M.

Leonard, filed April 15, 2015, along with the Clerk's Entry of Default, entered

April 16, 2015;

(6)   Plaintiff's Response to Defendants' Motion to Dismiss, Award Legal Fees,

Damages and Return of Assets, filed April 17, 2015;

(7)   the Response to Entry of Default Order [A]gainst John M. Leonard, filed May 1,

2015;

(8)   Plaintiff's Response to Defendant Leonard's Response to Clerk's Entry of

Default, filed May 1, 2015;

(9)   Defendant Leonard's Opposed Motion to Vacate Default Judgment, filed May 8,

2015;

(10)   Defendant Paul R. Downey's Response to Plaintiff's Motion for Final Judgment

by Default [Against Paul Downey], filed May 8, 2015;

(11)   Defendant Paul Downey's Opposed Motion to Set Aside Default, filed May 12,

2015;

(12)   Plaintiff's Reply in Support of Motion for Final Judgment by Default Against

Defendant Paul Downey, filed May 22, 2015;

(13)   Plaintiff's Response to Defendant John Leonard's Motion to Vacate Default, filed

May 29, 2015;

(14)   Plaintiff's Response in Opposition to Paul Downey's Motion to Set Aside

Default, filed June 2, 2015; and

2

(15)    [Paul Downey's] Reply to Plaintiff's Response in Opposition to Paul Downey's

Motion to Set Aside Default, filed June 16, 2015.

# I.
# STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs relief from clerk's entries of

default.  Specifically, an entry of default may be set aside "for good cause."  Fed. R. Civ. P.

55(c).  A court should consider whether (1) the default was willful, (2) setting aside the default

will prejudice the adversary, and (3) a meritorious defense is presented.  *See Matter of Dierschke*,

975 F.2d 181, 183 (5th Cir. 1992).  These factors are not exclusive and a court may also consider

whether a defendant acted expeditiously to correct the default.  *Id.* at 184.  However, it must be

remembered that courts are directed in this circuit to "universally favor trial on the merits" and

default judgments are "generally disfavored in the law."  *Id.* at 183.  As such, when there are

little or no intervening equities, any doubt should be resolved in favor of securing a trial upon the

merits.  *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).  At any rate, the decision to set

aside a default is left to the sound discretion of the trial court.  *Dierschke*, 975 F.2d at 183.

# II.
# DISCUSSION

Both Defendants Paul Downey and John Leonard made appearances as pro se litigants

within a very short time of the Clerk's Entry of Default against each of them.  Defendant Paul

Downey did so on the same day as the entry of default, and Defendant John Leonard within

approximately two weeks following the entry of default.  Further, it appears that Defendant Paul

Downey attempted to answer in the Response to the Complaint, but the Response was signed

only by pro se litigant Jeff Downey, as pointed out in the Court's March 24, 2015 Order.

Plaintiff moved for entry of default the next day after the deficiency was pointed out and obtained the entry against Paul Downey. Paul Downey immediately appeared by signing Defendants Paul and Jeff Downey's Motion to Dismiss, filed on the same date as the Clerk's Entry of Default against Paul Downey. Thus, the Court finds that Paul Downey does not appear to have purposefully delayed or otherwise shown culpable and willful conduct in defaulting.

Defendant Leonard's situation is slightly different. The Court notes that Plaintiff moved for alternative means of service, arguing that Defendant Leonard was purposefully evading service. The alternative means of service as to Defendant Leonard was ordered on March 18, 2015, and he was deemed served as of that date. Almost a month later, Plaintiff moved for and obtained a Clerk's Entry of Default against John Leonard, dated April 16, 2015. Defendant Leonard filed his Response to Entry of Default approximately two weeks later on May 1, 2015. The Response was signed by Leonard on April 28, 2015, and he contends in the Response that he only became aware of this lawsuit on April 23, 2015, after calling and speaking with a representative of Plaintiff. Even though the Court may be skeptical of Defendant Leonard's version of events, as pointed out by Plaintiff in its filings, the Court will accept Leonard's version of events. Thus, the Court cannot say that he has purposefully and willfully defaulted.

The Court also finds that little prejudice would be sustained by the Securities and Exchange Commission if the Clerk's entries of default against Defendants Paul Downey and John Leonard are set aside. The litigation is in its early stages,[2] and it does not appear that a significant amount of time has passed or that significant resources in prosecuting this case have

---

[2]None of the deadlines set in the Court's scheduling order, filed March 24, 2015, has passed.

4

yet been expended.  There is no prejudice to a plaintiff where the setting aside of a default has

done no harm to the plaintiff except to require it to prove its case.  *Lacy*, 227 F.3d at 293.  Here,

Plaintiff has not shown that a delay will result in the loss of evidence, increased difficulties in

discovery, or greater opportunities for fraud and collusion.  *Id.*

Turning to the last prong of the test, whether a defendant has a meritorious defense, the

Court finds that the Defendants have at least attempted to argue defenses to this action.

Defendant Leonard contends and avers in his affidavit that he never solicited investors or had

anyone solicit investors on his behalf.  Defendant argues that he should have the opportunity to

defend himself against Plaintiff's claims against him.  Defendant Paul Downey argues that he

lacks possession of any of the business documents and records which are required to formulate

his defense.  However, Downey contends that he has not committed any fraud and the statements

at issue were accurate.  From the current record and state of the case, the Court cannot find that

the proposed defenses completely lack merit; it is simply too early in the litigation process to

make such a finding on such a slim record.

Defendants Paul Downey and John Leonard appear to now be actively engaged in this

litigation and ready to defend this lawsuit.

## III.
## CONCLUSION

Therefore, Defendants' respective Motions to Set Aside and Vacate the Clerk's Entries of

Default are **GRANTED**, Plaintiff's Motion for Final Judgment Against Defendant Paul Downey

is **DENIED**, and the Motion to Dismiss, Award Legal Fees, Damages and Return Assets filed by

Defendants Paul Downey and Jeff Downey is **DENIED** because it raises issues about a

5

receivership action in another court and fails to articulate any grounds to justify dismissal of this case. Each Defendant shall comply with the Federal Rules of Civil Procedure by filing an answer or otherwise responding to the Complaint filed November 20, 2014, within 14 days of the date of this Order.

SO ORDERED.

Dated this __23rd__ day of June, 2015.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE