UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

_____
SECURITIES AND EXCHANGE COMMISSION,  §
                                     §
                    Plaintiff,       §
                                     §
v.                                   §  Case No.: 1:14-cv-185-C
                                     §
PAUL R. DOWNEY, JEFFRY P. DOWNEY,    §
AND JOHN M. LEONARD,                 §
                                     §
                    Defendants.      §
_____§

**PLAINTIFF'S RESPONSE TO DEFENDANTS PAUL R. DOWNEY'S AND
JEFFRY P. DOWNEY'S MOTION FOR SUMMARY JUDGMENT**


Dated:  August 31, 2015            Respectfully,

                                   */s/ B. David Fraser*
                                   B. DAVID FRASER
                                   Lead Attorney
                                   Texas Bar No. 24012654
                                   SECURITIES AND EXCHANGE COMMISSION
                                   Burnett Plaza, Suite 1900
                                   801 Cherry St., Unit #18
                                   Fort Worth, TX 76102-6882
                                   (817) 978-1409
                                   (817) 978-4927 (fax)
                                   FraserB@sec.gov

                                   ATTORNEY FOR PLAINTIFF
                                   SECURITIES AND EXCHANGE COMMISSION

## TABLE OF CONTENTS

Table of Contents......................................................................................................................ii

Table of Authorities............................................................................................................iii-v

I.      SUMMARY .................................................................................................................1

II.     ARUGUMENT AND AUTHORITIES ........................................................................2

        A.      Summary Judgment Standard.............................................................................2

        B.      The Downeys fail to carry their burden of proof................................................4

                1.      Nonetheless, there is clear evidence to support the Commission's claims................7

        C.      The Court should deny the Motion, because the Downeys revisit complaints about a receivership action in another court that they raised in their motion to dismiss.......9

        D.      The Downeys misrepresent an SEC enforcement action premised on violations of the antifraud provisions of the federal securities laws with one premised on a failure to satisfy the securities registration requirements………………………………11

        E.      The Downeys hurl scandalous, immaterial, and impertinent accusations about the Eleventh Circuit Court of Appeals, a U.S. District Court, a receiver appointed by and reporting to that Court, and the Plaintiff's counsel..........................................4

III.    Conclusion ..................................................................................................................14

## TABLE OF AUTHORITIES

## FEDERAL CASES

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ................................................................................................... 3, 4

*Atlantic Trust Co. v. Chapman*,
208 U.S. 360 (1908) ...................................................................................................... 10

*Benton-Volvo-Metairie*,
479 F.2d at 138-39 (5th Cir. 1973) ....................................................................... 4-6, 14

*Booth v. Clark*,
58 U.S. 322 (1854) ......................................................................................................... 10

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) .......................................................................................................... 3

*Chicago Deposit Vault Co. v. McNulta*,
153 U.S. 554 (1893) ........................................................................................................ 10

*Doran v. Petroleum Management Corp.*,
545 F.2d 893 (5th Cir. 1977) .......................................................................................... 11

*First National Bank v. Estate of Russell*,
657 F.2d 668 (5th Cir. 1981) .......................................................................................... 13

*Galindo v. Precision America Corp.*,
754 F.2d 1212 (5th Cir. 1985) ........................................................................................... 3

*Gonzales v. Yes! Communities, Inc.*,
No. SA-12-CA-450-PM, 2013 U.S. Dist. LEXIS 89584 (W.D. Tex. June 25, 2013) . 3, 5, 7-8

*Gossett v. Du-Ra-Kel Corp.*,
569 F.2d 869 (5th Cir. 1978) .................................................................................. 3, 6, 14

*Kemp v. City of Houston*,
No. H-10-3111, 2013 U.S. Dist. LEXIS 116104 (S.D. Tex. Aug. 16, 2013) ................. 3, 5-7

*Kohlrautz v. Oilmen Participation Corp.*,
441 F.3d 827 (9th Cir. 2006) .......................................................................................... 10

*L&B Hospital Ventures, Inc. v. Healthcare International, Inc.*,

894 F.2d 150 (5th Cir. 1990) ...................................................................................................11

*Latimer v. Smithkline & French Laboratory*,
919 F.2d 301 (5th Cir. 1990) ....................................................................................................3

*Lincoln National Bank v. Herber*,
604 F.2d 1038 (7th Cir. 1979) ................................................................................................13

*Little v. Liquid Air Corp.*,
37 F.3d 1069 (5th Cir. 1994) .........................................................................................3, 6, 14

*Markowski v. SEC*,
34 F.3d 99 (2d Cir. 1994) .......................................................................................................12

*Matsushita Electric Industrial Co. v. Zenith Radio*,
475 U.S. 574 (1986) .................................................................................................................3

*Mullis v. U.S. Bankruptcy Court*,
828 F.2d 1385 (9th Cir. 1987) ................................................................................................10

*Randall v. Loftsgaarden*,
478 U.S. 647 (1986) ...............................................................................................................13

*SEC v. Enterprises Solutions, Inc.*,
142 F. Supp. 2d 561 (S.D.N.Y. 2001) ....................................................................................12

*SEC v. Glenn W. Turner Enterprises, Inc.*,
474 F.2d 476 (9th Cir.), *cert. denied*, 414 U.S. 821 (1973) ..................................................11

*SEC v. Lauer*,
52 F.3d 667 (7th Cir. 1995) ....................................................................................................13

*SEC v. Quest*,
768 F.3d 1106 (11th Cir. Sep. 25, 2014) .............................................................................9-10

*SEC v. Savoy Industrial, Inc.*,
665 F.2d 1310 (D.C. Cir. 1981) .............................................................................................12

*Turner v. Baylor Richardson Medical Ctr.*,
476 F.3d 337 (5th Cir. 2007) ....................................................................................................3

*SEC v. Nadel, et al.*,
Case No. 8:09-cv-00087-RAL-TBM (M.D. Fla., Tampa Division) ...................2, 5, 9-10, 14

*U.S. v. Naftalin*,
441 U.S. 768 (1979).................................................................................................................13

*Williamson v. Tucker*,
645 F.2d 404 (5th Cir), *cert. denied*, 454 U.S. 897 (1981)..................................................11

## FEDERAL STATUTES

Section 17(a) of the Securities Act of 1933 [15 U.S.C. §§ 77q(a)................................. 9, 13

Section 10(b) of the Exchange Act of 1934 [15 U.S.C. §§ 78j(b) ................................. 9, 13

Rule 10b-5 of the Exchange Act of 1934 [17 C.F.R. § 240.10b-5................................. 9, 13

Section 20(b) of the Securities Act of 1933 [15 U.S.C. § 77t(b)] .......................................12

Sections 21(d) of the Exchange Act of 1934 [15 U.S.C. §§ 78u(d)]..................................12

Sections 21(e), of the Exchange Act of 1934 [15 U.S.C. §§ 78u(e)]..................................12

Sections 27 of the Exchange Act of 1934 [15 U.S.C. §§ 78(aa)]......................................12

Plaintiff Securities and Exchange Commission ("Commission") files this response in opposition to "Defendants Paul R. Downey and Jeffry P. Downey Motion for Summary Judgement and Brief in Support" (the "Motion") filed on August 8, 2015 [Doc. 45].[1] The Commission respectfully shows the Court as follows:

# I.
# SUMMARY

The Downeys file a conclusory, unsupported, and misguided Motion that mirrors the motion to dismiss they filed and ignores the Court's rationale in denying that motion. [Doc. 42, pp. 5-6 (denying the Downeys' motion to dismiss "because it raises issues about a receivership action in another court and fails to articulate any grounds to justify dismissal of this case")]. The Downeys rehash the same complaints about a receiver appointed and supervised by another federal district court in a separate civil action. They fail to identify, let alone prove, *any* issues on which they claim that no genuine issue of material fact exists in *this* case. Similarly, all of the relief the Downeys request in their Motion [Doc. 45, pp. 4-5] relates to the receiver in the *Nadel* case[2] and should be directed, if at all, to the court that appointed the receiver, not this Court.

More specifically, the Court should deny the Motion because the Downeys:

---

[1]     Local Civil Rule 7.2(c) specifies that briefs must not exceed 25 pages. *See* LR 7.2(c). Here, without seeking leave of court, the Downeys: (i) file a 28-page brief, (ii) "cite the defenses . . . made in their responses filed on January 21, 2015 and July 4, 2015 and the additional arguments in . . . previously filed responses . . . [Doc. 45, p. 5]," (iii) seek to "incorporate, by reference, the arguments from both Responses (filed on January 21, 2015 and July 4, 2015) and other filings . . . in this proceeding . . . and exhibits thereto" [Doc. 45, p. 6, n.1], and (iv) direct the Court to affidavits purportedly filed with their "Initial Appeal Brief" with the Eleventh Circuit [Doc. 45, p. 21 n. * (in original)]. The Commission responds to the allegations in *this* Motion.

[2]     The Downeys claim that "[t]his Courts(sic) authority in ruling in this action lies in *Calloway v. Ford Motor Co.*, 281 N.C. 496, 198 S.E. 2nd(sic) 848 (1972)." However, *Calloway* was an opinion of the North Carolina Supreme Court in an appeal of a personal injury case applying North Carolina law. Here, the Downeys ask this federal district court to "overturn" a receivership order issued by another federal district court applying and interpreting federal law. *SEC v. Nadel, et al.*, Case No. 8:09-cv-00087-T-26TBM (Doc.

(1) fail to satisfy their burden of proof by failing to cite to any evidence, other than self-serving and conclusory accusations, to support their baseless allegations;

(2) complain about a receivership arising from a separate legal action pending in another federal district court;

(3) misrepresent the difference between an SEC enforcement action premised on violations of the antifraud provisions of the federal securities laws and an action based on the failure to satisfy the securities registration provisions of the federal securities laws – even though the Motion identifies the differences and expressly acknowledges the applicability of the antifraud provisions; and

(4) hurl scandalous, immaterial, and impertinent accusations about the Eleventh Circuit Court of Appeals, a U.S. District Court Judge, a receiver appointed by that U.S. District Court, and Plaintiff's counsel.

For any of these reasons, the Court should deny the Downeys' Motion.

## II.
## ARGUMENT AND AUTHORITIES

**A.     Summary Judgment Standard**

The summary judgment standard is well-established. As movants, the Downeys bear the burden to prove that no genuine issue of material fact exists. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). And the Court must view all evidence and draw all reasonable inferences in the light most favorable to the Commission as the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 n.2 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). "Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact." *Kemp v. City of Houston*, No. H-10-3111, 2013 U.S. Dist. LEXIS 116104, at *10 (S.D. Tex. Aug. 16, 2013); *see Matsushita*, 475 U.S. at 586-87. As a threshold matter, "[i]f the moving party fails to meet this

```
(..continued)
```
1024, Order by U.S. District Judge Richard Lazzara (M.D. Fla., Tampa Division) granting receiver's motion to

burden, then it is not entitled to a summary judgment, and no defense to the motion is required." *Kemp*, 2013 U.S. Dist. LEXIS 116104, at *10 ("the moving party will not meet its burden of proof based on conclusory 'bald assertions of ultimate facts'"); *see also Gonzales v. Yes! Communities, Inc.*, No. SA-12-CA-450-PM, 2013 U.S. Dist. LEXIS 89584, at *13-14 (W.D. Tex. June 25, 2013) ("[i]f the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response").

Moreover, mere conclusory allegations are not competent summary judgment evidence. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (reinforcing that the movant's "burden is not satisfied with 'some metaphysical doubt as to the material facts' . . . by 'conclusory allegations' . . . by 'unsubstantiated assertions' . . . or by only a 'scintilla of evidence'"); *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985) (vacating summary judgment where movant did not discharge its summary judgment burden); *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978) (stating that conclusory, "bald assertions of ultimate facts are ordinarily insufficient to support summary judgment"); *Benton-Volvo-Metairie, Inc. v. Volvo Southwest, Inc.*, 479 F.2d 135, 138-39 (5th Cir. 1973) (denying motion for summary judgment where movant "set forth only ultimate facts or conclusions" and that "in summary judgment proceedings affidavits containing mere conclusions have no probative value").

Likewise, unsubstantiated assertions, improbable inferences, and unsupported speculation are also not competent summary judgment evidence. *Benton-Volvo-Metairie*, 479 F.2d at 138-39. Disputed fact issues which are "irrelevant and unnecessary" will also not be considered by a court in ruling on a motion for summary judgment. *Anderson*, 477 U.S. at 248.

```
(..continued)
```
expand scope of receivership to include Quest). The *Calloway* case is inapposite to the facts of this case.

**B.     The Downeys fail to carry their burden of proof.[3]**

Notably, the Downeys' motion does not reference a single piece of evidence – or even argument – relevant to whether they are liable in this case as alleged in the Complaint. Because the Motion is comprised <u>entirely</u> of conclusory allegations, unsubstantiated assertions, and unsupported speculation,[4] the Downeys fail to carry their burden of proving that no genuine issue of material fact exists.  *See Benton-Volvo-Metairie,* 479 F.2d at 138-39; *Kemp*, 2013 U.S. Dist. LEXIS 116104, at *10; *Gonzales v. Yes! Communities, Inc.*, 2013 U.S. Dist. LEXIS 89584, at *14.  In fact, they do not even allege there are any matters on which no genuine issue of material fact exists.  They similarly do not cite any actual evidence in support of their baseless assertions.  Instead, they make implausible and specious arguments, and fail to identify a single issue lacking

---

[3]     The Downeys seek summary judgment relief that: (i) they did not plead in their Answer [*Compare* Doc. 44, p. 14 *with* Doc. 45, pp. 1-2], and (ii) is properly addressed to the federal district court that appointed the receiver.

[4]     The Downeys also make numerous confusing statements that are wholly irrelevant to the summary judgment issues and, even if they were relevant, are wrong.  First, they state that counsel for the Commission "offered to accept a Response [to the Commission's Complaint] in the form of a letter sent to him and filed with the Abilene Court." [Doc. 45, pp. 5-6].  To be clear, Plaintiff's counsel agreed to accept service of the Downeys' Answer by email.  Second, the Downeys allege that they "did consent to depositions subject to being allowed access to the corporate files and records.  Mr. Fraser never moved to conduct the depositions, and Defendants presume this was because Plaintiff could not produce the files and had failed to maintain the required chain of custody of this evidence." [Doc. 45, p. 6].  Plaintiff's counsel has not yet sought to depose Defendant Paul Downey and does not recall Paul Downey "consent[ing] to be deposed" or requesting access to "corporate files and records. Plaintiff's counsel also did not commence discovery or notice depositions because: (i) initial settlement discussions with Paul Downey occurred in December 2014 and January 2015 before any Defendants filed an answer and before the Court issued a scheduling order [*see* FED. R. CIV. P. 26(d), 30(a)(2)(A)(iii)], (ii) Paul Downey had not properly filed an Answer in this matter, and (iii) there was a motion for default judgment pending against Defendant Paul Downey.  Third, it appears unclear and misleading to refer to a failure "to maintain the required chain of custody of this evidence." [Doc. 45, p. 6].  Last, the Downeys claim that "the Plaintiffs(sic) attorney used the procedural oversight of Paul Downey, a Pro Se Defendant, that he did not personally sign the letter Response to to(sic) seek both a Default and Summary Final Judgement against Paul Downey." [Doc. 45, p. 6].  In fact, the Commission: (i) requested the clerk to enter default against Paul Downey [Doc. 16]; and then (ii) filed a motion for final judgment by default against Paul Downey [Doc. 19]. The Commission has not yet filed a summary judgment motion.

evidentiary support.  Consequently, there is no basis for the Commission to determine which evidence should be established.[5]

First, the Downeys allege the Commission and the receiver in the *Nadel* matter "are coordinated and clearly establish an 'alter ego' and agency relationship between them." [Doc. 45, p. 7].  However, they fail to: (i) enumerate any of the elements of "alter ego" or agency, (ii) identify any actual evidence supporting those elements, (iii) explain how or why that evidence supports such a relationship, (iv) discuss the significance of such a relationship, or (v) argue how that evidence establishes that there is no genuine dispute as to any material fact.  Even if this accusation had any basis in reality – which it does not – it would not be relevant to the issues raised in this case and certainly would not entitle the Downeys to summary judgment.

Second, the Downeys claim "[t]he interpretation of the Private Placement Memorandum by the Plaintiff is fundamentally flawed in its methodology, fact, legal analysis and conclusion." [Doc. 45, p. 8].  In support of this statement, the Downeys state:

> the Plaintiff expects this Court to believe that Defendant Paul Downey, a veteran of the Oil and Gas Industry with over 40 years of experience, who has never defrauded any investors or other parties to his businesses, decided to intentionally mislead potentially buyers of Direct Participation Working Interest(sic) in PAOR I and thereby destroy his career, reputation, family, their financial future, lose his company and subject his entire family to over two years of bureaucratic persecution."

[Doc. 45, p. 9].  These are exactly the type of conclusions and bald assertions of ultimate facts that courts reject as competent summary judgment evidence.  *See, e.g.*, *Gossett*, 569 F.2d at 872; *Benton-Volvo-Metairie*, 479 F.2d at 138-39; *Kemp*, No. 2013 U.S. Dist. LEXIS 116104, at *10.

---

[5]  A baseless summary judgment motion that wholly fails to suggest an evidentiary shortfall should not be read to require the responding party to marshal the evidence establishing its claims, particularly at this early stage.

*SEC v. Paul Downey, et al.*
Plaintiff's Response to Defs Paul R. Downey and Jeffry P. Downey Motion for Summary Judgment   Page 5 of 20

Third, the Downeys also allege:

- "[i]n its efforts to insert itself into this case and assist the Receiver in his illegal seizure of Quest EMG, the SEC, in a blatant overreach, has brought this complaint to try and vilify the Downeys in order to cover for the illegal and abusive activities of the Receiver."  [Doc. 45, p. 9].

- "[t]he SEC, in concert with SEC Approved Receivers, has a long and well documented history of Abuse of Power, Illegal Seizure of Assets, denial of Constitutional Rights including Due Process and the Presumption of Innocence.  All of that conduct is evidence in this case."  [Doc. 45, p. 10].

- "the SEC and the Receiver are operating as alter egos, or the Receiver is an Agent of the SEC, and using these proceedings to justify the Abuse of discretion and misconduct of the Receiver and the Tampa Court."  [Doc. 45, p. 12].

The Downeys fail to support any of these statements with actual or verifiable evidence. Rather, these unsubstantiated assertions, conclusory allegations, improbable inferences, and unsupported speculation are of the type that courts find to be lacking in probative value and, therefore, not viable as summary judgment evidence.  *See, e.g., Little*, 37 F.3d at 1075; *Gossett*, 569 F.2d at 872; *Benton-Volvo-Metairie*, 479 F.2d at 138-39.  And, as with the Downeys' other arguments, even if these conclusory and unsupported allegations had any basis in fact, they have no bearing on whether the Downeys' actions in this case violated the federal securities laws as alleged in the Complaint.  For these reasons, the Downeys fail to meet their initial burden to prove that no genuine issue of material fact exists, and this Court should deny the Motion.

At best, the Downeys file this Motion prematurely before any discovery has been taken in this litigation and without providing the Commission with any basis to determine (i) which evidence, if any, has been called into question in the Motion, or (ii) which claim, issue, or matter exists on which they allege there is no genuine issue of material fact.  For these reasons, the Downeys do not meet their burden of proof and the Motion should be denied.  *See, e.g., Kemp*, 2013 U.S. Dist.

LEXIS 116104, at *10; *Gonzales v. Yes! Communities, Inc.*, 2013 U.S. Dist. LEXIS 89584, at *13-14.

### 1. Nonetheless, there is clear evidence to support the Commission's claims.

Even at this extremely early stage of litigation, there is clear evidence supporting the Commission's claims. For example, the Commission attaches three exhibits to highlight *some* of the uncontroverted evidence that supports its claims.[6] First, attached as **Exhibit A** is the May 7, 2014 Declaration of Paul Downey, in which Paul Downey invoked his Fifth Amendment right not to incriminate himself in the Commission investigation preceding this lawsuit and did not testify. [**Ex. A**, ¶4]. Attached as **Exhibit B** is the May 1, 2014 Declaration of Jeffry Downey, in which Jeffry Downey invoked his Fifth Amendment right not to incriminate himself and did not testify. [**Ex. B**, ¶4]. Among other things, the Downeys refused to testify about:

- "Information regarding any aspect of my involvement with Quest. . ." [**Ex. A**, ¶4(C); **Ex. B**, ¶4(C)];

- "information regarding any aspect of Quest's offerings, including without limitation . . . vii) the uses of Quest offering proceeds . . ." [*Id*., ¶4(D)]; and

- "Information regarding . . . iv) the disclosure or non-disclosure by Quest of the fact the pledge securing [a $700,000 loan], and the nature and identity of the pledged assets to its offerees and investors, including, without limitation, the individuals and entities invested in . . . PAOR I offering . . ." [*Id*., ¶4(E)].

As a consequence of invoking their Fifth Amendment right, the Downeys acknowledged,

> I understand that, by refusing to answer questions posed to me based on my Fifth Amendment privilege, <u>a judge or jury may take an adverse inference against me in a civil action</u> that the Commission may determine to bring against me, <u>which means that the judge or</u>

---

[6] For a more detailed discussion of the Commission's claims and evidence, see the Commission's Motion for Final Judgment by Default against Defendant Paul R. Downey. [Doc. 19, pp. 6-13 (claims & evidence) and pp. 14-17 (legal analysis)]. The Commission will file its own summary judgment motion, if appropriate, at some later point.

>   jury would be permitted to infer that my answers to questions might
>   incriminate me.

*Id.*, at ¶6 (emphasis added).

Attached as **Exhibit C** is the April 13, 2015 Declaration of Carol J. Hahn, which was attached to the Commission's Motion for Final Judgment by Default against Downey [Doc. 19-6]. Ms. Hahn's review of Quest bank records reveals, among other things, that:

   1)   There is no evidence that all PAOR investor funds were used for the purposes outlined in the PAOR PPM to include 85.5% spent on oil and gas well drilling and completing costs with only 10.5% spent on sales commissions and 3.77% spent on working capital;

   2)   Money movements in the Quest bank accounts included transfers to P[aul] Downey and J[effry] Downey and/or payments for their personal expenses; and

   3)   PAOR investor funds were used to purchase a lease that did not benefit the PAOR investors and to make payments to investors in a prior Quest offering.

**Exhibit C**, at ¶9.

Exhibits A, B, and C reveal that the Downeys misused proceeds invested by purchasers of LP units in the PAOR offering, in violation of Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. *See* 15 U.S.C. §§ 77q(a), 78j(b); 17 C.F.R. § 240.10b-5. More specifically, **Exhibit C** shows that the Downeys did not actually use investor proceeds as they represented they would to PAOR investors, spending less than 25 percent for oil and gas drilling and completion purposes. [**Ex. C.**, ¶¶ 6, 9]. **Exhibits A and B** allow this Court to infer answers that incriminate the Downeys, establishing their scienter in this case. [**Ex. A & B**, ¶4(D)].

Thus, even assuming the Downeys identified an issue on which they claim there is no genuine issue of material fact, the Commission presents clear evidence to support their claims. For these reasons, the Court should deny the Downeys' Motion.

**C.  The Court should deny the Motion, because the Downeys revisit complaints about a receivership action in another court that they raised in their motion to dismiss.**

The Downeys spend more than half their Motion (ECF pages 14 to 30) reiterating the same complaints about the receiver in the *Nadel* matter they raised in their motion to dismiss, and identifying factors district courts should consider in deciding to grant or deny requests for receiverships. [Doc. 45, pp. 14-30]. Notably, the Court denied the Downeys' motion to dismiss because "it raises issues about a receivership action in another court and fails to articulate any grounds to justify dismissal of this case." [Doc. 42, pp. 5-6]. Nonetheless, the Downeys continue to improperly seek to relitigate *that* case in *this* Court, while failing to apprise this Court that the Eleventh Circuit has already opined upon the Downeys' appeal. *See SEC v. Quest*, 768 F.3d 1106, 1109 (11th Cir. Sep. 25, 2014). Characterizing the Downeys' conduct as "especially puzzling," the Eleventh Circuit dismissed the Downeys' appeal, holding that they could not appeal, in the name of Quest, the district court appointment of the receiver. *Id.*

As this Court is aware, a court-appointed "receiver is but the creature of the court; he has no powers except such as are conferred upon him by order of his appointment and the course and practice of the court . . ." *Booth v. Clark*, 58 U.S. 322, 331 (1854); *see also Kohlrautz v. Oilmen Participation Corp.*, 441 F.3d 827, 836 (9th Cir. 2006) (noting the scope of a receiver's authority is determined by the authority granted to him by the supervising court). Similarly, it is the court itself – not the receiver it appoints – that holds custody of the receivership estate, administering it through the receiver. *Atlantic Trust Co. v. Chapman*, 208 U.S. 360, 370-71 (1908); *see also Chicago*

*Deposit Vault Co. v. McNulta*, 153 U.S. 554 (1893). And the appointing court insulates the receiver and the receivership estate from litigation and other interference. *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (noting that the receiver "derives his immunity from the judge who appointed him"). Thus, a receiver appointed by a court is answerable to the court that appointed it. Here, the district court for the Middle District of Florida (Tampa Division) confers and controls the powers of the receiver in that case. *See SEC v. Nadel, et al.*, Case No. 8:09-cv-00087-RAL-TBM (M.D. Fla., Tampa Division) (Doc. 1024, May 24, 2013 Order granting Receiver's motion to expand scope of receivership to include Quest and stating "this entity is specifically included within the ambit of the Court's previous orders appointing and reappointing Burton W. Wiand as Receiver in this case").

For all these reasons, the Downeys' Motion should be directed, if at all, to the U.S. District Court for the Middle District of Florida (Tampa Division) or, on appeal, to the Eleventh Circuit Court of Appeals – notwithstanding the fact the Eleventh Circuit dismissed the Downeys' appeal. In any case, the Downeys cannot relitigate the matter in this Court.

**D.     The Downeys misrepresent an SEC enforcement action premised on violations of the antifraud provisions of the federal securities laws with one premised on a failure to satisfy the securities registration requirements.**

The Downeys claim, among other things, that the Commission lacks regulatory authority to bring this action because the securities[7] – limited partnership ("LP") units in PAOR – were offered

---

[7]     The Downeys do not contend or argue that the limited partnership ("LP") units in the Permian Advanced Oil Recovery Investment Fund I, LP ("PAOR") are not securities. In fact, the Private Placement Memorandum ("PPM") that they cite in their Motion repeatedly refers to the PAOR LP units as "securities." [Doc. 45-3, at pp. 35-37, 41]. And, the Fifth Circuit has repeatedly found that LP interests are securities within the meaning of the federal securities laws. *See, e.g., Doran v. Petroleum Management Corp.*, 545 F.2d 893, 899 n.4 (5th Cir. 1977) ("The district court correctly concluded that the limited partnership interest was a 'security' as that term is defined by the Securities Act of 1933 and the Securities Exchange Act of 1934"); *L&B Hospital Ventures, Inc. v. Healthcare Int'l, Inc.*, 894 F.2d 150, 151 (5th Cir. 1990). More specifically, Section 2(a)(1) of the Securities Act of 1933 ("Securities Act") and Section 3(a)(10) of the Securities Exchange

pursuant to an exemption from the securities *registration* provisions of the federal securities laws. [Doc. 45, pp. 7-8]. However, the Commission does not allege the Downeys violated the securities registration provisions (Section 5 of the Securities Act) of the federal securities laws. The Commission alleges the Downeys violated the *antifraud* provisions of the federal securities laws, specifically Section 17(a) of the Securities Act and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder. [Doc. 1, ¶¶ 4, 45-53]. Assuming the Downeys are correct that they were not required to register the securities, a party offering and selling unregistered securities remains subject to the antifraud provisions.

  Seeking to perpetuate this misrepresentation and mislead the Court, the Downeys claim:

- "[t]he sale of PAOR I units were offered under a claimed exemption from the Registration Requirements of the Federal Securities Laws and the Safe Harbor of Regulation D Rule 506;"

- "the PPM was compliant and met all the required standards for exemption in Rule 506 of Regulation D;"

- "the Defendants relied on the legal opinion and advice of several experienced Securities Attorneys that the PAOR I units could be sold under the claimed exemption and therefore exempt from the 1933 Securities Law;"[8]

---

```
(..continued)
```
Act of 1934 ("Exchange Act") define the term "security" to include an "investment contract," and the Fifth Circuit finds that investment contracts include LP interests. *Id.*; *see also Williamson v. Tucker*, 645 F.2d 404, 423-24 (5th Cir), *cert. denied*, 454 U.S. 897 (1981); *SEC v. Glenn W. Turner Enters., Inc.*, 474 F.2d 476, 482 (9th Cir.), *cert. denied*, 414 U.S. 821 (1973).

[8]  The Downeys casually refer to "the legal opinion and advice of several experienced Securities Attorneys that the PAOR I units could be sold under the claimed exemption and therefore exempt from the 1933 Securities Law" [Doc. 45, p. 8], however they totally fail to identify *any* securities attorneys or any facts relevant to establish a reliance on advice of counsel defense. *See, e.g., Markowski v. SEC*, 34 F.3d 99, 105 (2d Cir. 1994); *SEC v. Savoy Indus., Inc.*, 665 F.2d 1310, 1324 n.28 (D.C. Cir. 1981); *SEC v. Enterprises Solutions, Inc.*, 142 F. Supp.2d 561, 576 (S.D.N.Y. 2001). Nonetheless, as discussed, the applicability of an exemption from registration does not exempt the Downeys from the antifraud provisions of the federal securities laws; it exempts the offering of securities from being registered with the Commission. And the Downeys do not claim, much less support with any evidence, that any of the acts alleged to have been fraudulent were taken pursuant to advice of counsel.

- "the [Commission] has no legal basis for the complaint against the Downeys, there was no violation of the 1933 Securities Law;" and

- "[g]iven that the PAOR I units were sold as an exempted Securities(sic), the SEC lacks any regulatory authority to bring this complaint."

[Doc. 45, pp. 7-8].

The Downeys apparently argue that either: (i) an exemption from registering its offering of LP units in PAOR somehow excuses violations of the antifraud provisions of the federal securities laws, or alternatively (ii) an exemption from registration somehow renders fraud occurring in the offer or sale, or in connection with the purchase or sale,[9] of these securities beyond the reach of the federal securities laws and outside the jurisdiction of the Commission. Not surprisingly, the Downeys fail to cite <u>any</u> legal authority to support these propositions.

In fact, Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)] and Sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), 78(aa)] authorize the Commission to bring actions in federal court when it appears that anyone is engaged or about to engage in acts or practices that violate *any* provision of the Securities Act and the Exchange Act. Similarly, the Downeys' distorted construction ignores a central purpose of the federal securities laws – to protect investors and prospective investors in the securities markets against misrepresentations. *See, e.g., Randall v. Loftsgaarden*, 478 U.S. 647, 659 (1986); *U.S. v. Naftalin*, 441 U.S. 768, 774-76 (1979); *SEC v. Lauer*, 52 F.3d 667, 670 (7th Cir. 1995). In fact, the antifraud provisions of the federal securities laws apply even when an individual purports to sell nonexistent securities or securities to be issued in the future. *First Nat'l Bank v. Estate of Russell*, 657 F.2d 668, 673 n. 16

---

[9] Similarly, the Downeys claim that "management decisions of privately held companies are NOT the jurisdiction of the SEC." [Doc. 45, p. 9 (emphasis in original)]. When those decisions are made in the offer or sale, or in connection with the purchase or sale, of a security – in this case, LP units in PAOR – the

(5th Cir. 1981) ("fraud provisions are not defeated by the fact that a security purportedly traded is nonexistent or fictitious . . . a contrary result would encourage rather than curb fraud"); *Lincoln Nat'l Bank v. Herber*, 604 F.2d 1038, 1040 (7th Cir. 1979).

Additionally, the Downeys expressly refer in the Motion to the continued applicability of the antifraud provisions, notwithstanding an exemption from registration.  In the "required standards for exemption," the Downeys quote the following language: "[c]ompanies must decide what information to give accredited investors, *so long as it does not violate the antifraud provisions of the federal securities laws*." [Doc. 45, pp. 7-8 (emphasis added)].

The Downeys' argument that the Commission lacks regulatory or enforcement authority over the offer and sale of the LP units in PAOR due to an exemption from registration is wholly unsupported.  The Court should reject the argument and deny the Downeys' Motion.

**E.     The Downeys hurl scandalous, immaterial, and impertinent accusations about the Eleventh Circuit Court of Appeals, a U.S. District Court, a receiver appointed by and reporting to that Court, and the Plaintiff's counsel.**

The Downeys also accuse, without a shred of evidentiary basis, a number of people of engaging in impropriety.  For example, the Downeys claim:

- The Eleventh Circuit Court of Appeals was judicially indifferent by not ruling on the Downeys' appeal of the district court's order extending the Nadel receivership to cover Quest [Doc. 45, p. 12];

- The U.S. District Court for the Middle District of Florida (Tampa Division) was grossly negligent, abused its discretion, misapplied the law, engaged in misconduct, and mischaracterized caselaw [Doc. 45, pp. 10, 12, 14-18, 22-24, 27];

- "the legitimate issue for this Court is will the Court take this opportunity to instruct officers of the court, such as B. David Fraser and Burton Wiand, that: 'Fabrications, misstatements, half-truths, artful omissions, and the failure to correct misstatements may be acceptable, albeit lamentable, in other aspects of life; but in the courtroom,

(..continued)
Commission is empowered to enforce the federal securities laws.  [15 U.S.C. §§ 77q(a), 78j(b); 17 C.F.R. § 240.10b-5].

*SEC v. Paul Downey, et al.*
Plaintiff's Response to Defs Paul R. Downey and Jeffry P. Downey Motion for Summary Judgment   Page 13 of 20

>   when an attorney knows that both the Court and the other side are relying on complete frankness, such conduct is unacceptable." [Doc. 45, p. 13].

- "the misconduct of the Counsel for a Government Agency and a Judicially Appointed Receiver, as officers of the Court, arguably merits similar sanctions against those officers of the Court and relief for the Defendants. The documented falsehoods and misstatements made by the Receiver have directly caused this action and, in the interests of those people and in the interests of justice, the Defendants pray this Court for relief." [Doc. 45, pp. 13-14].

These scandalous, immaterial, and impertinent accusations lack *any* probative value in this proceeding and are not viable summary judgment evidence. *See, e.g., Little*, 37 F.3d at 1075; *Gossett*, 569 F.2d at 872; *Benton-Volvo-Metairie*, 479 F.2d at 138-39l; FED. R. CIV. P. 12(f). The Downeys fail to meet the burden to prove that no genuine issue of material fact exists, and this Court should deny the Motion.

## III.
## CONCLUSION

For all the foregoing reasons, Plaintiff Securities and Exchange Commission respectfully requests that the Court deny Defendants Paul and Jeffry Downeys' Motion.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 31st day of August, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

B. David Fraser
*Counsel for Securities and Exchange Commission*

Paul R. Downey
5718 Lago Villaggio Way
Naples, FL  34104
pauldowney43@gmail.com
*Defendant Pro Se*

John M. Leonard
106 W. Germania Place #248,
Chicago, Illinois 60610
chicagoelite1@gmail.com
*Defendant Pro Se*

      On August 31, 2015, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

**Email and UPS:**

Jeffry Downey
3525 Cerromar Street
Abilene, TX  79606
jpdowney@gmail.com
*Defendant Pro Se*


                                                */s/ B. David Fraser*
                                                B. DAVID FRASER