IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

SECURITIES AND EXCHANGE         )
COMMISSION,                      )
                                 )
            Plaintiff,           )
                                 )
v.                               )
                                 )
PAUL R. DOWNEY, et al.,          )
                                 )
            Defendants.          )   Civil Action No. 1:14-CV-185-C

## ORDER

On this day the Court considered:

(1)     the Motion for Summary Judgment filed by Defendants Paul R. Downey and

        Jeffry P. Downey on August 8, 2015;

(2)     the Response filed by Plaintiff, Securities and Exchange Commission, on

        August 31, 2015; and

(3)     Defendants' Reply, filed September 4, 2015.

## I.
## STANDARD

Summary judgment is appropriate only if "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the

light most favorable to the non-moving party, "show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (internal quotations omitted).  In making its

determination, the court must draw all *justifiable* inferences in favor of the non-moving party. *Id.* at 255 (emphasis added). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 248. An actual controversy of fact exists only where both parties have submitted evidence of contradictory facts. *Olabishiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). The contradictory facts must be relevant, because disputed fact issues that are irrelevant and unnecessary will not be considered by the court when ruling on a summary judgment. *Anderson*, 477 U.S. at 248. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation are not adequate substitutes for specific facts showing that there is a genuine issue for trial. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993). The district court is not required to search the record *sua sponte* for some genuine issue of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Rather, the Court need rely only on those portions of the submitted documents to which a party directs the Court's attention. *Id.* This Court will only consider the admissible summary judgment evidence discussed and specifically identified with citation in the parties' briefs. *Thomas v. TPI Staffing Inc.*, 191 Fed. Appx. 287, 288, 2006 WL 2038767, *1 (5th Cir. 2006) ("the nonmoving party *must direct the court* to specific evidence") (emphasis added); *Rizzo v. Children's World Learning Centers, Inc.*,

84 F.3d 758, 762 (5th Cir. 1996) ("the nonmovant *must then direct the court's attention to evidence* in the record") (emphasis added).

## II.
## DISCUSSION

Both Defendants Paul R. Downey and Jeffry P. Downey are pro se litigants.  They request that summary judgment be entered relating to the SEC's claims in this case and that certain actions taken as to a receivership in a case from another federal district court be reversed.  Their arguments relate in vast part to a receivership and actions taken in another federal court.  Specifically, it appears from the contentions in the Motion that a federal district court in Florida appointed the receiver and the United States Court of Appeals for the Eleventh Circuit has entertained appeals from that case.  To the extent that the Defendants seek summary judgment relating to such matters under the jurisdiction of other federal district and appellate courts, the Defendants' Motion is **DENIED**.  Any relief relating to actions taken in those courts must be sought from those courts.

To the extent that Defendants seek summary judgment on the claims relevant to the case at hand, Plaintiff argues that the motion should be denied as well.  Specifically, Plaintiff argues that the Defendants have not met their burden of showing that no genuine issue of material fact remains as to the claims asserted by the SEC in this case.  As argued by Plaintiff, Defendants have failed to identify or show that no genuine issue of material fact exists as to any claim asserted by the Plaintiff in this instant case under the anti-fraud provisions of the federal securities laws.  In fact, as pointed out by Plaintiff, Defendants fail to cite to any evidence in support of their conclusory accusations.  Simply put, Defendants must show that no genuine

issue of material fact exists as to the claims brought against them in this court case. They have failed to meet this burden. Plaintiff has come forward with admissible summary judgment evidence so as to create a genuine issue of material fact, thereby making summary judgment improper. Thus, for the reasons argued by Plaintiff in its Response, Defendants' Motion for Summary Judgment relating to the claims in this case is **DENIED**.

### III.
### CONCLUSION

Therefore, Defendants' Motion for Summary Judgment is **DENIED** because it fails to articulate any grounds upon which to grant judgment, to direct the Court to admissible evidence in support of judgment, or to meet the Defendants' burden so as to justify summary judgment in this case.

SO ORDERED.

Dated this _9th_ day of October, 2015.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE