UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

ABILENE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> PAUL R. DOWNEY, JEFFRY P. DOWNEY, § <br> and JOHN M. LEONARD, § <br> § <br> Defendants. § § § | Case No.: 1:14-cv-185-C |

## ORDER

Following the Court's July 25, 2016 Order granting Plaintiff Securities and Exchange Commission's ("Commission") motion for summary judgment against Defendants Paul R. Downey and Jeffrey P. Downey (collectively the "Downeys") [Doc. 100], the Commission filed a motion for remedies, and for entry of final judgments, against the Downeys. The Commission requests Final Judgments against the Downeys, ordering three forms of relief: (1) permanent injunctions, (2) officer-and-director bars, (3) disgorgement of the ill-gotten gains they received as a result of their violations, including prejudgment interest, and (4) civil penalties.

Having considered the Commission's motion and the record in this case—including the findings of fact and conclusions of law regarding the Downeys' liability previously set forth in the Court's Order granting summary judgment [Doc. 100]—the Court has concluded that the Commission's motion should be, and hereby is, **GRANTED**. By separate documents, the Court will issue final judgments against the Downeys.

In granting the Commission's motion, and in addition to the Court's findings of fact and conclusions of law in its July 25, 2016 Order granting the Commission's motion for summary judgment against the Downeys [Doc. 100], the Court makes the following specific findings of fact and conclusions of law relating to the relief requested:

### FINDINGS OF FACT

1. Working in collaboration with each other, the Downeys raised $4.9 million from 17 investors in a fraudulent offering of securities—in the form of limited-partnership securities in the Permian Advanced Oil Recovery Investment Fund I, L.P. ("PAOR")—from January 2010 through June 2011.

2. In carrying out the fraudulent offering, the Downeys acted with a high level of scienter, knowingly deceiving investors about virtually every aspect of the investment. Among other things, they concealed from investors that a receiver appointed by a federal court in Florida had informed the Downeys the year before the offering that the company serving as PAOR's general partner—Quest Energy Management Group, Inc. ("Quest"), where the Downeys served as directors and officers—had received $5.1 million in proceeds from a Ponzi scheme. Doc. 61, p. 10.

3. The Downeys flagrantly misrepresented how they would use the PAOR investment proceeds, mispending more than 61%—$3 million—on undisclosed costs. *Id.* at pp. 18-20. And they withheld Quest's true financial condition, concealing lease encumbrances, the negative impact of its heavy debt load, and its diminishing cash flows. *Id.* at pp. 21-26. Moreover, even after the Downeys learned that the receiver had filed a motion to place Quest into receivership, they continued to solicit and accept large investments without disclosing the receivership. *Id.* at p. 50.

*SEC v. Paul R. Downey, et al.*
Order on Plaintiff's Motion for Remedies, and for
Entry of Final Judgments, against Paul. R. Downey and Jeffry P. Downey

2

4. The Downeys each received direct financial benefits from the fraud. Investor funds served as the source of their salaries in 2010 and 2011, and covered their residential and automobile expenses in those years.

5. Given the large amount of funds that the Downeys illegally obtained from investors and the recurrent nature of their fraud—which caused their victims collectively to sustain heavy losses—the Downeys' misconduct was extremely egregious.

6. The Downeys have not recognized or otherwise acknowledged their misconduct. And they have proven to be quite adept at attacting numerous individuals to invest in oil-and-gas investments. A high likelihood therefore exists that their occupation will provide them opportunities for future violations.

## CONCLUSIONS OF LAW

**Injunctive Relief**

Courts consider a number of factors in determining whether to grant injunctive relief, including: (1) the egregiousness of the defendant's conduct; (2) the isolated or recurrent nature of the violations; (3) the degree of *scienter*; (4) the sincerity of the defendant's recognition of his transgression; and (5) the likelihood of the defendant's job providing opportunities for future violations. *SEC v. Gann*, 565 F.3d 932, 940 (5th Cir. 2009); *SEC v. Blatt*, 583 F.2d 1325, 1334-35 (5th Cir. 1978); *SEC v. Helms*, No. A-13-cv-01036-ML, 2015 WL 5010298, at *18 (W.D. Tex. Aug. 21, 2015). Here, the Downeys' conduct was extremely egregious, recurrent, and carried out with high scienter. They have not recognized their misconduct, and their occupations will likely provide them opportunities for future violations. Given these facts, permanent injunctions are warranted against the Downeys.

*SEC v. Paul R. Downey, et al.*
Order on Plaintiff's Motion for Remedies, and for
Entry of Final Judgments, against Paul. R. Downey and Jeffry P. Downey

3

**Officer-and-Director Bars**

Section 20(e) of the Securities Act of 1933 ("Securities Act") and Section 21(d)(2) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Sarbanes-Oxley Act of 2002, authorize courts to bar individuals who commit fraud in violation of Securities Act Section 17(a)(1) and Exchange Act Section 10(b) from serving as officers or directors of any Commission-reporting company if their conduct demonstrates "unfitness" to so serve. 15 U.S.C. § 77t(e); 15 U.S.C. § 78u(d)(2); *SEC v. Bankosky*, 716 F.3d 45, 48 (2d Cir. 2013); *SEC v. Petros*, No. 3:10-cv-1178-M, 2013 WL 1091236, *5-6 (N.D. Tex. March 1, 2013); *SEC v. Strauss*, No. 2:08-CV-0206-WAP, 2011 WL 1158783, at *7 (N.D. Miss. March 28, 2011).

In determining "unfitness," courts generally consider six non-exclusive factors: "(1) the egregiousness of the underlying securities law violation; (2) the defendant's repeat offender status; (3) the defendant's role or position when he engaged in the fraud; (4) the defendant's degree of scienter; (5) the defendant's economic stake in the violation; and (6) the likelihood that misconduct will recur." *Bankosky*, 716 F.3d at 48 (quoting *SEC v. Patel*, 61 F.3d 137, 141 (2d Cir. 1995)); *SEC v. Provident Royalties, LLC*, No. 3:09-cv-01238-L, 2013 WL 5314354, at *7 (N.D. Tex. Sep. 23, 2013); *Petros*, 2013 WL 1091236, at *5-6.

Considering the above factors, the Court concludes that an officer-and-director bar is warranted against each of the Downeys. The Court has already determined that the Downeys committed an extremely egregious fraud with a high level of scienter and that there is a significant likelihood that their misconduct will recur. It has also found the Downeys to have served as Quest's executive officers and directors during the fraud and to have had a significant economic stake in the violations. Although the record does not reflect previous violations, the

*SEC v. Paul R. Downey, et al.*
Order on Plaintiff's Motion for Remedies, and for
Entry of Final Judgments, against Paul. R. Downey and Jeffry P. Downey

4

Court is persuaded that the remaining factors overwhelmingly support imposing officer-and-director bars.

### Disgorgement

The Court finds that the Downeys collaborated with one another in committing the violations. It is appropriate, therefore, to hold them jointly and severally liable for disgorgement of the ill-gotten gains in this case. *See SEC v. Halek*, 537 F. App'x 576, 580 (5th Cir. 2013); *SEC v. United Energy Partners, Inc.*, 88 F. App'x 744, 747 (5th Cir. 2004) (*per curiam*). The Commission has established $4.9 million to be a reasonable approximation of the ill-gotten gains flowing from the Downeys' violations. The Court will order the Downeys to pay prejudgment interest on the ordered disgorgement. *Blatt*, 583 F.2d at 1335.

### Civil Penalties

The Commission has established that the Downeys' violations involved fraud and deceit and resulted in substantial losses of $4.9 million to 17 investors, collectively. Each of the Downeys is therefore subject to a third-tier penalty under Section 20(d) of the Securities Act of 1933 and Section 21(d) of the Securities Exchange Act of 1934 [15 U.S.C. §§ 77t(d)(2)(C) and 78u(d)(3)(B)(iii)]. Under these statutes, the Court may impose a civil penalty against a defendant not exceeding the greater of $178,156 per violation or the gross amount of pecuniary gain to such defendant as a result of the violation. *Id.*; 17 C.F.R. § 201.1001 (adjusting statutory penalty amounts for inflation).

Therefore, the maximum third-tier penalty for each of the Downeys equals the greater of: (i) $2.45 million (half of the $4.9 million illegally raised, which represents the gross pecuniary gain in this case), or (ii) $178,156 for each violation. The Court finds that a total penalty amount

*SEC v. Paul R. Downey, et al.*
Order on Plaintiff's Motion for Remedies, and for
Entry of Final Judgments, against Paul. R. Downey and Jeffry P. Downey

5

of $178,156 to be imposed against each of the Downeys is an appropriate amount in this instance.

**SO ORDERED.**

Dated this 29th day of September, 2016.

---
SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

*SEC v. Paul R. Downey, et al.*
Order on Plaintiff's Motion for Remedies, and for
Entry of Final Judgments, against Paul. R. Downey and Jeffry P. Downey

6